UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ALFREDRICK LEE HENDERSON,

        Petitioner,

v.                                                                                    Case No. 2:05-cv-160
                                                                                      HON. ROBERT HOLMES BELL
CATHERINE BAUMAN,

        Respondent.

_____/


## REPORT AND RECOMMENDATION

Petitioner Alfredrick Lee Henderson filed this petition for writ of habeas corpus challenging his conviction and prison sentence for assault with intent to murder and felony firearm. Petitioner was sentenced to 18 to 40 years for assault with intent to commit murder and 2 years on the felony firearm conviction. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following issues in his petition:

I.  Denial of effective assistance of trial counsel.

II.  Denial of effective assistance of appellate counsel.

III.  Insufficient evidence to sustain a conviction for assault with
intent to murder.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find

a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that the evidence was insufficient to support his convictions and that both his trial and appellate counsel were ineffective. Petitioner pleaded no contest to assault with intent to murder and felony firearm. In exchange for his plea, five other charges against petitioner were dismissed including: armed robbery with a maximum term of life imprisonment, kidnapping with a maximum term of life imprisonment, first degree home invasion with a maximum term of

twenty years, and two felony firearm charges. The prosecutor also agreed not make any argument during sentencing.

Petitioner indicated that he understood each of the specific rights that he was giving up by making his plea and that he understood the plea bargain that he entered with the prosecution. In order to set forth a factual basis for the plea, petitioner agreed that the Battle Creek Police Department report could be used. Petitioner's counsel stated on the record:

> [DEFENSE COUNSEL]: Yes sir. For purposes of the plea Defense is willing to stipulate that on or about September 8th of the year 2000 in the City of Battle Creek, Calhoun County, more specifically the area known as 396 Truth Drive, which is, in fact, located in the City of Battle Creek, that my client Mr. Henderson as well as two other males entered the home owned by Tammie McShan. At some point during this time the door was kicked in. One of the assailants had a weapon with them. All three of the people were dressed in black and had head covers on. At some point after breaking in Ms. McShan was asked and told if she did not give them all her money she would be shot and/or killed. At some point during that time she, in fact, gave one of the individuals $100. They were not satisfied with that. They proceeded to ransack the house and look for additional funds.
>
> There were also two other people present being Ms. McShan's minor children, sir, and at some point they were forcibly moved to another portion of the home during the interaction of this particular crime, sir.
>
> THE COURT: What role was it your client played, Mr. Buscher?
>
> [DEFENSE COUNSEL]: According to Ms. McShan, sir, in paraphrasing from pages two and three, Mr. Henderson was, in fact, the person who possessed the gun. She indicated in her police report paragraphs three and four that she could identify Mr. Henderson not only through his accent, but the fact that love was tattooed on his left hand, she identified the person with the gun as being the one with those tattoos.
>
> THE COURT: He did have the gun in his hand, is that it?

> [DEFENSE COUNSEL]:   For purposes of plea, yes, sir, we stipulate to that.
>
> THE COURT:   What was the assault with intent to murder? Was it the threat to kill? What did he do, Mr. Buscher?
>
> [DEFENSE COUNSEL]:   One of the other black individuals indicated to him that if they did not give the money, he was to kill her and that threat was made more than once, sir.

The constitutional validity of a plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the present case, after a thorough interrogation of petitioner, the state judge found that petitioner's plea of no contest was entered knowingly and voluntarily.

- 5 -

To the extent that petitioner argues that the trial court erred by not establishing a proper factual basis for his plea, petitioner has failed to raise a cognizable habeas claim. A state court is not required under the Constitution to establish a factual basis for a guilty plea. *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989).

Petitioner clearly entered his no contest plea voluntarily and knowingly. During his plea hearing, petitioner indicated that he understood the rights that he was waiving by making a plea. Petitioner understood that he was giving up his right to a trial by jury, right to be tried without a jury, right to be presumed innocent before proven guilty, right to have the prosecutor prove beyond a reasonable doubt that petitioner was guilty, right to question witnesses who appear against him, right to have the court order witnesses to appear at a trial, right to remain silent and not have the silence used against him, right to testify at trial, and right to have an attorney appointed at public expense to assist in filing an appeal or other post conviction remedies. Petitioner further indicated that he understood that he was waiving his right to claim that his plea was the result of any other promises or threats not disclosed to the court. Petitioner indicated that he was entering his plea of his own free will and that no other promises other than the plea bargain entered with the prosecutor induced his plea.

At sentencing, petitioner wished to withdraw his plea because he indicated that his counsel told him that he would be sentenced to only three years imprisonment. The court rejected

the request to withdraw because petitioner had indicated that no other promise was made other than the bargain he entered into with the prosecutor to induce his plea. The court found that petitioner had entered into a voluntary and knowing plea. In the opinion of the undersigned, petitioner cannot show that his rights were violated during the plea hearing. Petitioner has not directly contested that his plea was involuntary. Petitioner asserts that he received ineffective assistance of counsel during his plea hearing and on appeal.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner had indicated at his plea hearing that no other promises were made to induce his acceptance of the plea bargain agreement. Further, petitioner has made no showing that his trial counsel or appellate counsel rendered ineffective assistance of counsel.

Petitioner alleges that the facts fail to establish that he committed the act of assault with intent to murder. Further, petitioner asserts in a supplemental pleading that he never made threats or an agreement to kill the victim. The facts indicate that petitioner was involved in the breaking and entering the victims home. Threats were made to the victim that she would be killed. Petitioner was carrying a weapon and money was taken from the home. In the opinion of the undersigned, there was sufficient factual evidence to establish that petitioner committed the crimes.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice. It is further recommended that Petitioner's motion to supplement (Docket #43) be granted.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  January 31, 2011