UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALFREDRICK LEE HENDERSON

        Petitioner,

                                            Case No. 2:05-CV-160

v.

                                            HON. ROBERT HOLMES BELL

CATHERINE BAUMAN,

        Respondent.
_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION AND
# <u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

On January 31, 2011, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Alfredrick Lee Henderson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. (Dkt. No. 48.) Petitioner filed objections to the R&R on February 15, 2011. (Dkt. No. 49.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner's first objection is to the Magistrate Judge's determination that Petitioner knowingly and voluntarily entered into the no contest plea. The voluntariness of Petitioner's

plea was addressed by the state court when it denied Petitioner's motion to withdraw his plea. Upon *de novo* review, the Court finds that the state court's determination that Petitioner's plea was voluntary was not contrary to, and did not involve an unreasonable application of, Supreme Court law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004) ("A state court finding that the plea was proper is accorded a presumption of correctness, unless the transcript of the plea proceeding is inadequate to demonstrate that the plea was voluntary, intelligent and knowing."), *vacated in part on other grounds sub nom*, *Bradshaw v. Stumpf*, 545 U.S. 175 (2005).

Petitioner's second objection is to the Magistrate Judge's determination that Petitioner's argument regarding the lack of a proper factual basis for his plea failed to raise a cognizable habeas claim. Petitioner contends that this finding is erroneous because counsel did not explain the elements of the offense and because there was no evidence of an assault. Upon *de novo* review, the Court concludes that the Magistrate Judge correctly determined that Petitioner failed to state a cognizable habeas claim based on the lack of a factual basis for his plea. *See Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975) ("[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea."); *see also United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (noting that there is no constitutional requirement that the sentencing court find a sufficient factual basis to support a guilty plea).

2

Petitioner's final objection is to the Magistrate Judge's determination that Petitioner was not denied effective assistance of counsel. Petitioner contends that counsel was ineffective for advising him to plead guilty to a crime he could not be convicted of, and for informing him that he would only receive a three-year sentence if he entered a plea.

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "Surmounting *Strickland*'s high bar is never an easy task." *Id.* (quoting *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010)).

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* at 788 (citations omitted).

Upon *de novo* review, the Court is satisfied that the record amply supports the state court's determination that counsel satisfied *Strickland*'s deferential standard. Contrary to Petitioner's assertions, there was a factual basis for the plea, and Petitioner received a substantial benefit from entering his plea. The Court cannot find, on this record, that the state court's application of *Strickland* was unreasonable. Accordingly,

3

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 49) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the January 31, 2011, R&R of the Magistrate Judge (Dkt. No. 48) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: March 14, 2011  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE